**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | : | HABEAS CORPUS |
| GDC No. 901373, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NOS. |
| v. | : | 1:11-CV-1711-RWS |
| | : | 1:11-CV-3580-RWS |
| NEIL WARREN, Sheriff, | : | 1:12-CV-1141-RWS |
|     Respondent. | : | 1:12-CV-2605-RWS |

_____      _____

| | | |
|---|---|---|
| WASEEM DAKER, | : | HABEAS CORPUS |
| GDC No. 901373, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-1319-RWS |
| | : | |
| UNNAMED RESPONDENT, | : | |
|     Respondent. | : | |

**ORDER**

Waseem Daker is an extremely litigious state prisoner, and he filed separate habeas corpus petitions pursuant to 28 U.S.C. § 2241 in the five cases listed in the caption. In summarizing Daker's litigation history generally and in these cases in particular, the Court noted the following in its March 28, 2013 Order:

> While incarcerated, Daker has been the plaintiff, petitioner, or appellant in over fifty cases filed in federal district and circuit court. *See* www.pacer.gov (searched for "Daker, Waseem"; last viewed

March 22, 2013).[1] Daker's habeas petitions in the five cases listed in the caption – all filed while he was in pre-trial detention and all relating to the same state criminal proceeding – list fifty-two separately-numbered grounds for relief. *See* [-1711 Doc. 14-1 (amended petition); -1141 Doc. 1; -3580 Doc. 1; -1319 Doc. 1; -2605 Doc. 1].[2]

As Daker himself reports in his petitions: in 1996, he was convicted by a Cobb County jury on two counts of aggravated

---

[1] Daker has also filed an extraordinary number of motions to recuse, for reconsideration, and for mandamus. *See, e.g.*, *Daker v. Warren*, No. 1:10-CV-3815-RWS (N.D. Ga. Nov. 18, 2010) [Docs. 20, 27, 43, 68 (recusal); Docs. 45, 49, 50, 52, 53, 64 (reconsideration, including "Fifth Supplemental Rule 59(e) Motion to Vacate Judgment"); Doc. Nos. 30, 33, 34, 61, 71 (mandamus)]; *Daker v. Warren*, No. 12-13644 (11th Cir. July 12, 2012) (motion for reconsideration of circuit judge order).

[2] There is considerable overlap in Daker's grounds for relief. For example, Grounds One through Three in Daker's -1141 petition are identical to Grounds One through Three in his -1711 petition. Many other grounds for relief restate, with minor variations, earlier filed grounds for relief. And all of his Daker's grounds for relief in his -1319 petition duplicate clams he raised in other petitions. Indeed, Daker first submitted his -1319 petition not to this Court, but directly to the Eleventh Circuit in an unsuccessful forum-shopping effort. Moreover, a number of Daker's grounds for relief in his -2605 petition overlap with grounds that were previously considered and denied in *Daker v. Warren*, No. 1:10-CV-3815-RWS (N.D. Ga. Nov. 18, 2010), as to which Daker has already been denied a certificate of appealability in *Daker v. Warren*, No. 12-13644 (11th Cir. July 12, 2012), because those grounds are not reasonably debatable.

2

stalking [-1711 Doc. 14-1 at 3]; he served two consecutive five-year terms and was released in 2005 [*id.*]; in 2010, he was indicted for malice murder, felony murder (four counts), burglary with intent to commit aggravated assault, burglary with intent to commit aggravated stalking, false imprisonment, aggravated assault, aggravated burglary, and criminal attempt to commit aggravated stalking [-1141 Doc. 1 at 3]; and, pending trial, Daker was held without bond [-2605 Doc. 1 at 2].

After it was widely reported in the national and local media that Daker was convicted on all counts in the 2010 indictment, including murder, *see, e.g.*, http://abcnews.go.com/US/waseem-daker-trial-georgia-man-found-guilty-murdering/story?id=17350051 (last viewed Mar. 22, 2013); http://www.ajc.com/news/ news/crime-law/daker-sentenced-to-life-plus-47-years-in-flight-at/nSQpj/ (last viewed Mar. 28, 2013), Magistrate Judge Scofield ordered Daker to file either (A) a copy of the jury verdict and judgment or (B) an affidavit averring that no verdict had yet been entered. *See, e.g.*, [-1711 Doc. 26]. Magistrate Judge Scofield also (A) ordered Daker to show cause within fourteen days why the habeas cases listed in the caption should not be dismissed as moot, and (B) advised Daker specifically that "failure to comply with the terms of th[e] Order [might] result in the dismissal of these cases." [*Id.* at 2 (citing LR 41.3A(2), NDGa.)]. Copies of the Order were mailed to Daker at both the Cobb County Adult Detention Center (where he had been held in pretrial detention) and the Georgia Diagnostic and Classification Prison (which is where he advised the Court he had been transferred). *See* [Unnumbered Dkt. Entries dated October 11, 2012, and October 29, 2012].

To date, Daker has filed neither a copy of the verdict and judgment, nor submitted an affidavit, regarding the state criminal trial. For this reason alone – because Daker has willfully disobeyed a lawful court order – each of the five cases listed in the caption is subject to dismissal without prejudice. *See* LR 41.3A(2), NDGa.

3

> Moreover, because Daker's pretrial habeas petitions have been mooted by his state court convictions and sentence, they are subject to dismissal for that reason as well.

[-1141 Doc. 20 at 2-4].[3]  The Court then discussed in greater detail the cases and principles undergirding the proposition that "in virtually all instances 'claims for federal habeas relief for pretrial issues are mooted by [a prisoner's] subsequent conviction.'" [-1141 Doc. 20 at 5 (quoting *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) and citing additional cases))].  The Court then discussed how those principles applied to the specific circumstances of Daker's cases and dismissed each of Daker's five § 2241 petitions without prejudice.  [*Id.* at 4-9].

These five cases are now back before the Court on Daker's:

– "Rule 59(e) Motion to Vacate Judgment and to Recuse Judge Richard W. Story" [-1141 Doc. 22];

– "Rule 59(e) Motion to Vacate 3/28/13 Order and 4/1/13 Judgment" [-1141 Doc. 23];

– "Supplemental Citation of Authority in Support of Rule 59(e) Motion to Vacate Judgment" [–1141 Doc. 24];

---

[3] Identical pleadings and Orders – albeit with different document numbers – appear in the dockets of each of the five cases.  For the sake of brevity, citations in this Order are to the document numbers that appear in the docket in the -1141 case.  A summary paragraph at the end of this Order identifies each of Daker's pleadings.

4

– "Second Supplemental Citation of Authority in Support of Rule 59(e) Motion to Vacate Judgment" [-1141 Doc. 27];

– "Third Supplemental Citation of Authority in Support of Petitioner's Rule 59(e) Motion to Vacate Judgment" [-1141 Doc. 28];

– "Fourth Supplemental Citation of Authority in Support of Petitioner's Rule 59(e) Motion to Vacate Judgment; and Motion for Certificate of Appealability" [-1141 Doc. 29]; and

– "Affidavit in Support of Request to Proceed In Forma Pauperis" on appeal [-1141 Doc. 35].

For the following reasons, the undersigned **DENIES** each of Daker's motions.

The Court first considers Daker's latest motion requesting recusal of the undersigned. Daker now routinely (and repeatedly) files motions for recusal in cases he files in the Northern District of Georgia. The Eleventh Circuit has affirmed the denial of such motions in the past. *See, e.g., Georgia v. Daker*, No. 12-12519-C, at 2-5 (11th Cir. Oct. 9, 2012) (detailing why recusal is not warranted in Daker's cases pending before the undersigned) . And, in these five cases, Daker's prior motions for recusal on substantially similar grounds were denied for reasons already discussed in prior orders. *See, e.g.*, [-1141 Docs. 3 ("Motion to Recuse"), 4 ("Motion to Recuse"), 9 ("Motion to Recuse"), 10 ("Supplemental Motion to Recuse"), and 13 (order denying motions to recuse)].

Daker now supplements his argument for recusal by asserting that the Court is biased against him because the undersigned and the state court judge who presided over Daker's murder trial were law school classmates. Daker asserts that this necessarily demonstrates a "close , personal friend[ship] for at least 38 years" and "ex parte communications" regarding his cases. *See, e.g.*, [-1141 Doc. 22 at 3]. Because Daker offers no corroboration, he then makes the further claim that the undersigned and the state trial judge "conspired to attempt to conceal this from Mr. Daker." *See, e.g.,* [*id.*]. For the reasons already set forth at length in earlier orders entered in these cases and by the Eleventh Circuit in *Daker v. Georgia*, Mr. Daker is not entitled to recusal; among other things, no reasonable person would conclude that the Court is actually biased based on Daker's unsubstantiated "conspiracy" theory.

The Court next considers Daker's Rule 59(e) motions and supplemental authority. Having carefully reviewed those filings, the Court sees nothing that persuades it that the March 28, 2013 Order should be vacated and that *dismissal without prejudice* of Daker's § 2241 petitions amounted to a clear error of law or a manifest injustice.

Third, the Court considers Daker's request for permission to proceed *in forma pauperis* ("IFP") on appeal. The Court notes that in each of the five cases listed in the

6

caption, Daker either paid the filing fee at the outset of each case or had his motion for permission to proceed IFP denied. *See, e.g.,* [-1141 Unnmbrd. Dkt. Entry dated Apr. 2, 2012]. The Court notes further that Daker's current application for permission to proceed IFP on appeal in these five cases omits (1) an affidavit stating the issues he intends to present on appeal, (2) a copy of his inmate account statement for the six months preceding the filing of his request, and (3) the certification of an authorized officer of the prison in which he is incarcerated with respect to his present and average monthly account balance and deposits, all three of which are prerequisites to the grant of IFP status on appeal. *See* Fed. R. App. P. 24(a)(C); 28 U.S.C. § 1915(a).[4] For each of those reasons, Daker's request for permission to proceed IFP on appeal is **DENIED**. *See, e.g.,* [-1141 Doc. 35].

Finally, Daker's renewed requests for certificates of appealability in these cases are **DENIED** because these cases do not meet the standard required. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

---

[4] Notwithstanding Daker's assertion that a copy of his inmate account statement, while not attached to his request for permission to proceed IFP, would be forthcoming, *see, e.g.,* [-1141 Doc. 35 at 2], he has not submitted it, as of February 26, 2014.

7

AO 72A
(Rev.8/82)

In summary, the following motions are **DENIED** by this Order: [-1711 Docs. 37, 38, 45, 50]; [-3580 Docs. 33, 34, 41, 46]; [-1141 Docs. 22, 23, 30, 35]; [-2605 Docs. 18, 19, 26, 31]; [-1319 Docs. 18, 19, 26, 31].

**SO ORDERED**, this  28th  day of February, 2014.

$\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ _____
$\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ RICHARD W. STORY
$\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ UNITED STATES DISTRICT JUDGE